## GEORGE W. MOORE, Respondent, v. ROYAL LEAD & ZINC COMPANY, Appellant.

### Kansas City Court of Appeals, May 20, 1907.

1. **MASTER AND SERVANT: Negligence: Mines and Mining: Reasonable Consequences.** While it may be true that one though negligent is not liable for the consequences so remote as not to be expected with any degree of reason, such rule does not apply to the case of a mine owner who negligently leaves his mine track too narrow for the cars to pass readily between the rails, and a car pushed by a miner is stopped and the miner injured by the following ·car running against him, since such consequence is reasonably to be expected from the negligence.

2. ———: ———: ———: **Proximate Cause.** In such case it is held that the narrowness of the track was the proximate cause of the injury and not the negligence of the man pushing the following car.

Appeal from Jasper Circuit Court.—*Hon. Hugh Dabbs,* Judge.

AFFIRMED.

*Blair & Blair* for appellant.

(1) The court should have given the instruction in the nature of a demurrer to the evidence offered by defendant at the close of plaintiff's case and at the close of all the evidence. This should have been given, first because the evidence shows that the injury to plaintiff was the direct result of the act of Murray, a then fellow servant with plaintiff and that the act of such fellow servant intervened between the negligence of defendant, if any, and plaintiff's injury. 2 Labatt on Master and Servant, sec. 809, pp. 2232, 2233; Brown v. Railroad, 20 Mo. App. 222; Logan v. Railroad, 96 Mo. App. 461; Herbert v. Ferry Company, 107 Mo. App. 287-298; Vizelich v. Railroad (Cal.), 59 Pac. 129; Trewatha v. M. & M. Co. (Cal.), 28 Pac. 571; Rilyea v. Railway, 112 Mo. 86; Kivem v. Mining Co., 11 Pac. 740.

(2) The demurrer should have been sustained in the second place because the injury to plaintiff by reason of another person pushing a car onto him could not have reasonably been anticipated by defendant as likely to result from its negligence, if any, in furnishing a track in which the rails were too close together. Defendant is liable only for such damages as it could reasonably have been expected to anticipate as a result of its negligence. In the absence of some person unexpectedly pushing a car upon him, plaintiff probably could have worked with the track a year and every car he pushed over it have stopped and yet he would not have sustained the injury he did receive. 2 Labatt on Master and Servant, sec. 809, p. 2231, and cases cited; Christy v. Hughes, 24 Mo. App. 275; Brown v. Railway, 20 Mo. App. 222; McGough v. Bates (R. I.), 42 Atl. 873.

*Thompson & Thompson* for respondent.

(1) The court properly refused the defendant's instruction in the nature of a demurrer to the evidence at the close of plaintiff's case, and again at the close of all the evidence. Hallweg v. Telephone Co., 195 Mo. 149. When the evidence is such that reasonable minds might differ on it, or where different conclusions can be deducted from the evidence the issue should be submitted to the jury to pass upon. This rule is elemental. (2) The act of Murry in pushing the car upon plaintiff was not an intervening act between the negligence of defendant in not providing plaintiff with a reasonably safe track, that produced the injury to plaintiff as contended by appellant. Deducting every inference most favorable to defendant, to say the most, the act of Murry was but a concurring act, with the negligence of defendant in not providing plaintiff a reasonably safe track, and in this event the master is liable. Bane v. Irwin, 172 Mo. 372. (3) The trial court properly submitted to the jury whether the defective track was

the proximate cause of plaintiff's injuries, on instructions that fully and properly declared, the law, and the contentions that appellant makes that the intervening act of Ben Murry was the proximate cause of the injury is unsupported by both the law and evidence.

ELLISON, J.—This action was instituted to recover damages for personal injury received by plaintiff while engaged in defendant's service.   He obtained judgment in the trial court.

It appears that plaintiff was employed in defendant's mine engaged in pushing cams of dirt on cars to a shaft where it would be hoisted to the surface.   The cars were pushed along a track consisting of two iron rails laid on small cross-ties.   The evidence tended to show that he had not been at work but a short time before his injury.   It further tended to show that he was not very strong and that he thought of quitting but that defendant's foreman urged him to continue at least until noon-time.   It further tended to show that there was a defect in the track, caused perhaps by the rails being too close together for the width of the car. Plaintiff was pushing his car from behind and the foreman was following at a short distance with another car.   When plaintiff reached the point in the track to which we have referred, his car stuck or stopped by the wheels being wedged in between the rails; and as he was in the act of walking from behind around to the front with the intention of pushing it back and then get a rapid start forward so as to clear or pass the defective place, the foreman's car came up and collided with his standing car and catching his leg before he had gotten entirely out of the way.

The evidence tended to support the plaintiff's case and unless there was error in instructions the judgment should be affirmed, and after examination we have concluded that there was no error in that respect.   Defend-

ant insists first, that the foreman acted in a dual capacity; and that at the time of the injury, when engaged in pushing a car of dirt following behind plaintiff, he was acting in the capacity of servant and not in that of master. And, second, that though the defendant had a defective track, yet that an injury would happen from such defect was so out of reason and so remote that defendant should not be held to have reasonably expected that such a result would follow. There are well recognized instances where, though a party may be negligent, he will not be liable for consequences so remote as not to be expected with any degree of reason. But that principle can have no application to the facts here. Defendant knew of the manner of doing the work in question; it knew that more than one car was used and that they followed each other in bringing dirt to the shaft to be taken to the surface, and it is not a remote or unreasonable consequence of an improperly constructed track, defective in such way as to stop a car, that the person pushing the car would be hurt by one following it. We do not think the reasoning of defendant, nor the authorities cited, apply to the case.

Defendant also insists that the defective track was not the proximate cause of the injury. It contends that the proximate cause was the act of the foreman in running upon plaintiff. And that such foreman was at the time acting in the capacity of a servant and hence the injury was the result of the act of the fellow-servant and therefore defendant was not liable. Without going into a discussion of the question of dual capacity of employees, we can say that conceding what defendant says in the brief on that subject, yet we do not consider that the act of the foreman was the proximate cause. The injury happened from the defective track which caused the car to stop and plaintiff to be hurt before he could get from behind it. We do not consider Brown v. Railroad, 20 Mo. App. 222, and other authorities cited

by counsel as applicable. In that case it was said that the railway company which blocked the crossing with one train and temporarily stopped cattle on another track would not anticipate that another train would pass along and kill them. Neither do we consider Mc-Gough v. Bates, 42 Atl. Rep. 873, as a like case to this.

The greater part of instructions asked by the defendant were given. They fully presented every phase of the case to the jury which defendant had any right to demand should be presented. There can be no doubt but that the issues were fully understood. There is no room for a supposition that the jury could have been confused or mislead, the verdict was small and we see no reason which would justify us in disturbing the judgment and therefore order its affirmance. All concur.