MINNIE ROONEY ET AL., RESPONDENTS, v. ROSE SILETTI, APPELLANT.

Submitted July 7. 1921—Decided December 15, 1921.

A landlord is bound to use reasonable care to keep premises, belong- ing to him, and of which several tenants have the common use, in a safe condition. But where a tenant has full knowledge of the dangerous condition of the premises, and attempts to make use of them while in that condition, there can be no recovery against the landlord for injuries resulting from such user.

On appeal from the Hudson County Court of Common Pleas.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KALISCH.

For the appellant, *Leon Abbett.*

For the respondents, *Mark A. Sullivan.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This action was brought by a husband and wife to recover compensation for injuries received by the wife through falling down the cellar steps of a building in which they occupied an apartment rented from

the defendant. The cellar of the building was subject to the common use of the occupants thereof, under their respective leases, for the purpose of storing coal. The only means of access which the tenants had to the cellar was an outside stairway, the top of which was in an alley adjacent to the building.

The proofs show that on the occasion in question Mrs. Rooney had occasion to go into the cellar for the purpose of getting coal. There had been a snowstorm some little time before and the stairs were covered with frozen snow and ice. This condition was observed by her before she undertook their descent, and she very frankly admitted in her testimony on the stand that she knew it was dangerous to attempt to go down them, but that, as she had a present need for the coal, she was compelled to take the chance.

This was the condition of the proofs when the plaintiff rested. A motion to nonsuit was thereupon made, based upon two grounds—*first,* that the proofs did not show that the defendant was derelict in the duty she owed to her tenants by reason of her failure to have the cellar stairs cleaned, and *second,* that the female plaintiff was barred from a recovery because she assumed the risk of accident which might happen to her through the user of the stairway. The motion was refused; the trial resulted in a verdict for the plaintiffs, and the defendant appeals, the principal ground upon which she bases her right to reversal being the refusal of the motion to nonsuit.

We concur in the view of the trial court that, on the facts submitted. it was for the jury to determine whether the defendant was guilty of a neglect of the duty which she owed to her tenants (including the plaintiffs) to use reasonable care to keep this stairway in a safe and usable condition, under the rule laid down in *Gillron* v. *Reilly,* 50 *N. J. L.* 26, and reiterated in *Siggins* v. *McGill,* 72 *Id.* 263, and *McCracken* v. *Meyers,* 75 *Id.* 935. A nonsuit. therefore, could not have been properly ordered upon the first ground urged in support of the motion.

But, assuming the negligence of the landlord. still no right of recovery against her was established, for Mrs. Rooney,

having full knowledge of the danger which she would incur in attempting to go down these stairs, assumed the risk of an accident which might result from their use. This is the doctrine declared by this court in the case of *Vorrath* v. *Burke*, 63 *N. J. L.* 188, where the circumstances were quite similar to those in the case now before us. There the plaintiff attempted to go down a cellar stairway, the top of which was covered by a door. This door had attached to it a counterbalancing weight so as to make its raising and lowering easy, but the weight had become detached from the door. The plaintiff was fully aware of these facts, but, nevertheless, attempted to go down the stairs, holding the door up while she did so. Her strength was not equal to the burden she put upon it; the door fell and she was injured. It was considered that, as she was fully aware of the condition of the door —that is, that the weight was detached from it—and, notwithstanding, attempted to go down the stairs, she deliberately assumed what risk there was in descending, and that consequently there could be no recovery against the landlord. This case is cited with approval by the Court of Errors and Appeals in *Saunders* v. *Smith Realty Co.*, 84 *Id.* 276.

The refusal of the motion to nonsuit on the ground of assumption of risk by the female plaintiff was in disregard of these decisions. The judgment appealed from, therefore, must be reversed and the case sent back to the Common Pleas to be retried.