MARY RUSH AND MARTIN RUSH, HER HUSBAND, RE-
SPONDENTS, v. COMMERCIAL REALTY COMPANY, AP-
PELLANT.

Submitted October 12, 1928—Decided March 28, 1929.

Before GUMMERE, CHIEF JUSTICE, and Justice PARKER.

For the appellant, *Stein, McGlynn & Hannoch.*

For the respondents, *William Herda Smith.*

PER CURIAM.

The case for the plaintiffs was that they were tenants of
the defendant, which controlled the house wherein they lived
and also the adjoining house, and provided a detached privy
for the use of both houses; that Mrs. Rush, having occasion
to use this privy, went into it and fell through the floor, or
through some sort of trap door therein, descended about nine
feet into the accumulation at the bottom and had to be ex-
tricated by use of a ladder. The defendant denied that there
was any pit at all, and claimed the floor was only about nine
inches above solid ground. This, like several other features
of the case, presented a disputed question of fact for the jury.
The two grounds of appeal are that the trial court erred in
refusing a nonsuit, and erred in refusing to direct a verdict
for the defendant.

Taking the facts as the jury were entitled to find them, most favorably for the plaintiffs, the situation was that of a building under the control of the landlord for the use of tenants generally, and maintained by the landlord; a consequent duty of care in maintenance; a defective condition in the floor which the jury might say was due to negligent maintenance by the defendant, and an accident resulting therefrom. In such a situation it would seem that the argument for a nonsuit or for a direction must be restricted to the questions of contributory negligence and assumption of risk. In dealing with these, it should be observed that Mrs. Rush had no choice, when impelled by the calls of nature, but to use the facilities placed at her disposal by the landlord, to wit, a privy with a trap door in the floor, poorly maintained. We hardly think this was the assumption of a risk; she was not required to leave the premises and go elsewhere. Whether it was contributory negligence to step on a floor which she testified was in bad order, was a question for the jury to solve according to its finding of the conditions and her knowledge of them, or what she should have known of them; it does not seem to be a court question.

We conclude that there was no error in denying motions to take the case from the jury, and the judgment will accordingly be affirmed.