KARL HASSE, ADMINISTRATOR AD PROSEQUENDUM OF THE ESTATE OF AUGUSTA HASSE, DECEASED, AND KARL HASSE, INDIVIDUALLY, RESPONDENT, v. KARL GIETZ, APPELLANT.

Submitted May 15, 1931—Decided November 16, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and CASE.

For the appellant, *Harry E. Walburg* and *John J. Francis.*

For the respondent, *Thomas F. Meaney.*

PER CURIAM.

The suit was based on a fatal accident to plaintiff's intestate wife, who, according to plaintiff's claim, fell out of a window of a room in a house belonging to plaintiff, while

cleaning it. The house was a tenement house, and she or her husband rented an apartment therein of the defendant. It is not clear on the evidence which was the lessee. The complaint allged that the renting was to both: on the confused testimony of the plaintiff, the jury were at liberty to find a renting to either. As this is an appeal, we are not concerned with the weight of the evidence. The claim in the complaint rests not on any duty implicit in the relation of landlord and tenant, but on either an express agreement to maintain the window in a safe condition, or the assumption of a duty to do so: of which latter there was no tangible evidence. At the outset, plaintiff claimed in three capacities: 1. for pain and suffering of his wife between the accident and her death, in his capacity as general administrator (*Soden* v. *Traction Co.*, 101 *N. J. L.* 393), which claim was ruled out by the court; 2. under the Death act as administrator *ad prosequendum;* 3. in his individual capacity for expenses of medicine and nursing, &c., up to the death of his wife. The jury, after returning one palpably erroneous verdict and being sent back to reconsider, finally came in with a verdict on the death claim of $10,000 and on the individual claim of $5,000. Whatever might be said about the amount of these verdicts on an application for new trial, we are not here concerned with questions of amount. The question before us is whether there is any error properly assigned which will work a reversal.

There are fourteen grounds of appeal, most of which are futile as they do not challenge any judicial action taken in the trial court. *State* v. *Lavine*, 96 *N. J. L.* 356; *affirmed,* 97 *Id.* 583; *Abbe* v. *Erie Railroad Co., Ibid.* 212; *Bonhard* v. *Gindin,* 104 *Id.* 599. Numbers 2, 3, 4, 5, 6, 9, 13 and 14 are mere proposition of law; numbers 7 and 8 assert that "no proof was produced" of certain matters deemed essential to recovery; they and numbers 10 and 11 attack the verdict. Number 12 alleges that the case was submitted on a theory not in accordance with pleadings or proof; but there is no exception to the charge. All that remains is ground number 1, that the court erred in refusing to nonsuit on one or more

of eight grounds stated in the ground of appeal, though we find in the transcript that only the following were presented to the trial court: 1. No contract to repair shown, and landlord not liable in absence of contract; 2. knowledge by deceased of the danger, and consequent assumption of risk; 3. contributory negligence. We are therefore restricted to these questions raised on a motion to nonsuit. As to the first, it is conceded in the brief for appellant that there is some evidence of an agreement with the plaintiff himself to repair: and as we read the very confused and contradictory testimony of the husband, the matter stands thus: either he rented the premises with defendant's agreement to repair: or his wife rented them, and paid the rent, and he knew nothing about any agreement with her to repair. On the first theory, it seems he may recover in his own right for expenses, &c., due to the accident, but not as special administrator, as the wife was not a privy to that contract. *Clyne* v. *Helmes*, 61 *Id.* 358. On the second theory there can be no recovery because there was no contract shown. So that if the motion to nonsuit had been directed to each count separately it should have prevailed as to the death claim. But as it went to the entire case, there was no legal error in denying it as made, so far as the first ground urged was concerned. As to the second ground, assumption of risk, and the third, contributory negligence, at their best they were for the jury and to nonsuit on either ground would have been error.

It may be unfortunate that the review of this case is restricted by the rules of appellate procedure, within the narrow limits above specified. But it is fundamental that impending error be pointed out to the trial court, and an opportunity be afforded of avoiding or correcting it. *Kargman* v. *Carlo*, 85 *N. J. L.* 632, 636; *Benz* v. *Central Railroad Co.*, 82 *Id.* 197, 199. Taking the case as we find it, no adequate cause of reversal is presented, and the judgment must accordingly be affirmed.