PATRICK McLOUGHLIN, RESPONDENT, v. HUDSON MORTGAGE COMPANY, APPELLANT.

Submitted May 12, 1933—Decided July 20, 1933.

Before Justices PARKER, LLOYD and PERSKIE.

For the appellant, *Cox & Walburg.*

For the respondent, *Anthony R. Finelli.*

PER CURIAM.

The suit is by a husband, tenant of a house owned and rented to him by the defendant, for loss of consortium and pecuniary expense resulting from injuries sustained by his wife because of the alleged defective and dangerous condition of the back stoop, which caused the wife to fall and break her wrist. The state of demand was entitled "in tort" but set up an agreement by the landlord based upon complaint by the tenant to make repairs, which agreement was not performed, whereby the wife was injured. At the trial defendant insisted that the action was in contract, but the court held otherwise. The evidence for plaintiff tended to show a letting from month to month, and in February a complaint by plaintiff and a promise by the landlord to repair. The accident occurred in April. The trial was with a jury. The defendant rested at the conclusion of the plaintiff's case, and moved for a directed verdict, which was refused, and the court instructed the jury that plaintiff was entitled to recover, and left to them only the assessment of the damages, allowing an exception to this ruling.

It seems unnecessary to decide whether the action is in contract or in tort, for in either event there was error calling for a reversal. On the contract theory, assuming the consequential damages to the husband constituted a breach of a valid contract to repair—a point on which we do not pass—such damages were not within the contemplation of the parties. *Williams* v. *Fenster,* 103 *N. J. L.* 566. On the theory of negligence arising out of a breach of promise to repair, the case plainly exhibits a situation in which a jury might properly say that the wife, as she herself testified, had full knowledge of the defective condition, and was guilty of contributory negligence in using the step as she did. As to assumption of risk, the case does not show whether the back stoop was the only means of access to the back yard to hang out

clothes, as the wife was about to do when she met with the accident. The point is material on assumption of risk. *Rush* v. *Commercial Realty Co., 7 N. J. Mis. R.* 337; 145 *Atl. Rep.* 476. Contributory negligence is another matter and should have been submitted to the jury. *Hasse* v. *Gietz,* 108 *N. J. L.* 252, 254; 157 *Atl. Rep.* 121; *Gillespie* v. *Plotka,* 9 *N. J. Mis. R.* 1230, 1234; 157 *Atl. Rep.* 175. This question was removed by the direction from the consideration of the jury, and such direction was error, for which the judgment must be reversed and the case remanded for a new trial.