SALVATORE COSTANZO, BY HIS NEXT FRIEND, MENNO COSTANZO, AND MENNO COSTANZO, INDIVIDUALLY, PLAINTIFFS-APPELLEES, v. PRUDENTIAL INSURANCE COMPANY, INCORPORATED, DEFENDANT-APPELLANT.

Submitted October 4, 1938—Decided December 7, 1938.

Before Justices TRENCHARD, PARKER and PERSKIE.

For the appellant, *Collins & Corbin* (*Edward A. Markley* and *John F. Leonard,* of counsel).

For the appellees, *Cohen & Abramson* (*Morris L. Stern,* of counsel).

The opinion of the court was delivered by

PERSKIE, J. This is an action in tort. The question we are to decide is whether the trial judge erred, as it is claimed he did, in denying defendant's motions to nonsuit and to direct a verdict in its favor. We think so.

Defendant leased, in writing, the corner store of its building located at the northeast corner of Bergenline avenue and Sixteenth street, West New York, New Jersey, together with a space in the cellar underneath the store, to Irving and Harold Waldstein for the purpose of conducting a retail clothing and men's furnishing store. The cellar space is used for storage of supplies, &c. There are three separate stairways to the cellar. One is located on the sidewalk in front of the store, one in the rear of the store, and one fronting Sixteenth street.

The infant plaintiff (seventeen years of age) was employed by defendant's tenants as a stock clerk. While so employed, on July 15th, 1937, he was sent to the cellar to get some wrapping paper. As he was going down the steps on the stairway fronting Sixteenth street, his "heel caught" and he "tripped" on a "broken step," the fifth from the bottom of the stairway, and he fell down the rest of the stairs sustaining the injuries for which he and his father sought damages.

Generally stated, the plaintiffs' claim for damages is predicated upon the premise that the stairway in question is a common stairway under the control of the defendant owner, who failed to keep it in repair.

The proofs disclose, *inter alia,* that the lease to the tenants is silent as to which of the three entrances to the cellar the tenants and their employes were to use; that plaintiff used the particular stairway in pursuance of permission granted by the superintendent of the building to the tenants; that many others, including defendant's servants, used the same stairway; that the defective condition of the stairway existed for

a period of about four months before the accident; and that defendant knew or should have known of the existence thereof and failed to correct it.

Defendant argues here, as it did below, that the trial judge should have granted its motions to nonsuit and to direct a verdict in its favor upon the grounds that there was no proof of negligence; that the only duty on its part was to refrain from willful misconduct; and that the plaintiff was guilty of contributory negligence and had assumed the risk.

We are entirely satisfied that, were the question of negligence alone involved, the trial judge would have been correct in submitting this cause to the jury to determine whether defendant breached its duty to use reasonable care to keep the stairway in a safe and usable condition. *Roth* v. *Protos,* 120 *N. J. L.* 502, and cases therein cited on page 504, 1 *Atl. Rep.* (*2d*) 10. But the existence of negligence was not the sole issue here. For, conceding defendant's negligence, we are equally well satisfied that plaintiff failed to establish a right of recovery, since he clearly assumed what risk there was in using the stairway in question. By his own admissions it appears that the broken condition of the steps prevailed throughout his entire employment of about four months; and that he "often" used that stairway. Furthermore, plaintiff himself testified that the stairway was in "very bad condition" and that he considered it "dangerous." In addition to all this, and unlike the proof in *Herman* v. *Home Owners Loan Corp.,* 120 *N. J. L.* 437 (at foot of *p.* 440); 200 *Atl. Rep.* 742, which was "that no other way was available," the plaintiff here could have used either of the other two available stairways the safety of which had not been challenged. To use the stairway he did under these circumstances was to assume the risk which might and did result from that use. *Volenti non fit injuria.*

We perceive nothing which distinguishes the instant case from the holdings in *Vorrath* v. *Burke,* 63 *N. J. L.* 188; 42 *Atl. Rep.* 838, and *Rooney* v. *Siletti,* 96 *N. J. L.* 312; 115 *Atl. Rep.* 664. *Cf. Harenburg* v. *August,* 119 *N. J. L.* 83 (especially cases collated on page 87); 194 *Atl. Rep.* 152.

Accordingly the judgment is reversed.