GRACE DiGESO AND ANGELO DiGESO, PLAINTIFFS-AP-
PELLANTS, v. FRANKLIN WASHINGTON TRUST COM-
PANY, A CORPORATION, DEFENDANT-RESPONDENT.

Submitted October 4, 1938—Decided February 6, 1939.

Before BROGAN, CHIEF JUSTICE, and Justices BODINE and HEHER.

For the plaintiffs-appellants, *Edward J. Abromson.*

For the defendant-respondent, *Collins & Corbin* (*Edward A. Markley* and *James B. Emory*).

BODINE, J.   The plaintiffs appeal from a judgment of nonsuit.   The plaintiff wife, a forelady employed by one of the tenants in the defendant's building, sued for personal injuries suffered when she fell on an outside stone stairway designed for the use of the several tenants in the building, and their employes, the same being badly out of repair. Plaintiff's foot, at the time of the accident, caught in a broken step and she was thrown down.   The plaintiff's husband also

sued for loss of services and expenses incurred. The trial judge granted a nonsuit on the ground that the woman had voluntarily assumed the risk of a fall by using the stairs. We think the question was for the jury. The steps had been out of order for years and were the only means of ingress and egress for the tenants, and their employes, to their respective places of business.

A number of decisions in our courts indicate the view that the tenant, or the user of premises, may under certain circumstances assume the risk of the failure of the landlord to make repairs. *Vorrath* v. *Burke,* 63 *N. J. L.* 188; *Saunders* v. *Smith Realty Co.,* 84 *Id.* 276; *Rooney* v. *Siletti,* 96 *Id.* 312; *Harenburg* v. *August,* 119 *Id.* 83; *Castanzo* v. *Prudential Insurance Co.* (408 October term, 1938). A continued use of defective premises is some evidence of the assumption of the ordinary risk incident to the use thereof. But the question where the invitee of the tenant has no other means of egress other than by the use of faulty steps, long out of repair, is a question for the jury and not for the court. The landlord being under a duty to repair the stairway in question and the injured woman by reason of her employment being required to use the stairway, it can hardly be said, as a matter of law, that she voluntarily assumed the risk of such use. At all events, being obliged to leave the building she may have used the stairway in such a manner that the jury might say that she had not contributed to her injury by reason of any negligence upon her part. *Marwedel* v. *Cook,* 154 *Mass.* 235; 28 *N. E. Rep.* 140; *Herman* v. *Home Owners' Loan Corp.,* 120 *N. J. L.* 437; affirmed, 122 *N. J. L.* 94.

The judgment is reversed, with costs.