21 N.J. Super. 240 (1952)
91 A.2d 97
ELIZABETH M. CAMMON AND HARRY CAMMON, PLAINTIFFS-RESPONDENTS,
v.
SAMUEL A. ALTAVILLA AND ATTILIA ALTAVILLA, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued August 18, 1952.
Decided September 3, 1952.
*241 Before Judges BIGELOW, LEYDEN and BURTON.
Mr. Edmond J. Dwyer argued the cause for the respondents.
Mr. William E. Sandmeyer argued the cause for the appellants.
The opinion of the court was delivered by LEYDEN, J.S.C.
The defendants appeal from a judgment entered on a jury verdict in a negligence case in the Essex County Court, Law Division.
The errors assigned for reversal are the refusal of the trial judge to grant the motions: (1) for an involuntary dismissal at the close of plaintiffs' case, and (2) for judgment for defendants at the close of the whole case. The motions were grounded upon the contention that the female plaintiff was guilty of contributory negligence as a matter of law, and that she assumed the risk of a known danger.
Plaintiffs were tenants, occupying an apartment on the *242 first floor of a 16-family apartment house at No. 215-217 Clifton Avenue, Newark, N.J., owned by the defendants.
On November 5, 1949, about 6:30 P.M., Mrs. Cammon fell while attempting to descend the stone steps leading from the front door to the public sidewalk. There was ample proof the steps were in a state of disrepair to the knowledge of the landlords, and of their failure to use ordinary care to make that portion of the premises over which they retained control reasonably safe for the use of their tenants. In fact, it is safe to observe the defendants concede their negligence in the maintenance of the steps. Likewise, there was proof that Mrs. Cammon knew for more than a year prior to her fall of the condition of the steps and the danger inherent in their use. She so testified.
The defendants contended below and argue here that the plaintiff had an alternative safe way of going in and out of the building, to wit, the rear fire escape, and therefore the questions of contributory negligence and assumption of the risk of a known danger were for the court. See Costanzo v. Prudential Insurance Co., Inc., 121 N.J.L. 361 (Sup. Ct. 1938). We are not persuaded by this argument. The proof below demonstrates that for all reasonable and practical purposes the front door passageway was the only means of ingress and egress available to the tenants. The fire escape was for emergency use only and not designed or intended as an alternative way.
We conclude from the proof, as did the trial judge, that the front entrance was the only means of egress and ingress to the building. The questions of contributory negligence and assumption of the risk were, therefore, properly submitted to the jury for determination. This seems to be the modern view. Rush v. Commercial Realty Co., 7 N.J. Misc. 337 (Sup. Ct. 1929); Herman v. Home Owners' Loan Corporation, 120 N.J.L. 437 (Sup. Ct. 1938), affirmed 122 N.J.L. 94 (E. & A. 1939); Di Geso v. Franklin Washington Trust Co., 122 N.J.L. 152 (Sup. Ct. 1939).
The judgment is affirmed.