Peter McGough *vs.* Frank M. Bates, City Treasurer.

PROVIDENCE—MARCH 1, 1899.

Present: Matteson, C. J., Stiness and Tillinghast, JJ.

(1) *Negligence. Fellow-Servant. Proximate Cause.*

The plaintiff, with four other workmen, was at the time of the accident wheeling dirt in barrows up a "run" from a filter-bed; the workmen following each other closely up the "run," which was about twenty feet in length, the position of plaintiff being next to the last. Where the

"run" came in contact with the bank a loose piece of board had been placed on the ground by one of the workmen for convenience in wheeling the barrows off the "run." The board becoming displaced, one of the workmen stopped to replace it, thereby causing the men to run against one another, whereby the plaintiff was thrown from the "run" and injured:—

*Held,* the defendant owed no duty to the plaintiff to secure or fasten the board, the "run" being safe without it, and its use merely adding to the convenience of the "run."

*Held,* further, the act of placing the board in the manner stated was the act of a fellow-servant.

*Held,* further, the placing of the board as stated was not the proximate cause of the accident, said proximate cause being the stopping of the workman to replace the same.

The intervention of an independent responsible third party between the negligent act and the damage complained of breaks the causal connection between the two, so that the negligence cannot be regarded as the proximate cause of the resulting injury.

TRESPASS ON THE CASE for negligence. The facts are fully stated in the opinion. Heard on petition of plaintiff for a new trial. New trial denied.

TILLINGHAST, J. The evidence in this case shows that, at the time of the accident in question, the plaintiff and several other men in the employ of the city of Pawtucket were at work with wheelbarrows removing dirt from a filter-bed; that the dirt was loaded into the wheelbarrows at the bottom of the bed and then wheeled up a "run" onto the bank and carried away; that the "run" was made of planks, supported underneath by blocking, and was from sixteen to twenty feet long. At the upper end of the "run," where it came in contact with the top of the bank, one of the workmen had placed a loose piece of board on the ground to prevent the jar which would otherwise result from the wheelbarrows rolling off the end of the "run" onto the ground. In wheeling out the dirt, the men followed each other closely up the "run." At the moment of the accident the men were going up, single file, in the following order, viz.: Conlon, Ward, McCabe, McGough, and Corcoran. Conlon had passed over the loose piece of board, and was wheeling his load along the bank. Ward's wheelbarrow moved the board

slightly out of its place, and after he had passed over it he stopped for an instant or so to push it back into its place with his foot. This sudden stopping caused the men in the rear of Ward, they being close together, to run against each other, by reason whereof the plaintiff was thrown from the "run" and injured. The "run" was not overturned or disturbed by the accident.

The evidence further shows that the "run" was built in the usual way ; that all the necessary materials for the proper construction thereof were furnished by the city (see *Laporte v. Cook*, 21 R. I. 158), and that the board at the end of the "run" was placed there by a fellow-servant of the plaintiff for the convenience of the workmen, in order to save their hands from the jar which would result from a wheelbarrow dropping about an inch and a quarter from the end of the "run" onto the turf. A sod had sometimes been used for the same purpose.

At the trial of the case in the Common Pleas Division the plaintiff was nonsuited, and the case is now before us on his petition for a new trial.

The plaintiff's contention, in brief, is that it was the duty of the defendant to see that the board at the top of the "run" was fastened, so that it would not move out of its place when a wheelbarrow went over it. That the "run" was under the personal supervision of the city engineer ; that it was moved from place to place under his direction ; that he knew the board in question was liable to get out of place, and that his neglect to make this appliance safe was negligence on the part of the city.

The plaintiff's counsel admits that the "run" was constructed of proper material and well put together, and that the only negligence attributable to the city is that it did not place and securely fasten said board.

(1) We think it is very clear that the city owed no duty to the plaintiff regarding the placing or securing of the board in question. The "run" was safe without it, and it was only placed there to render the use of the "run" a little more convenient. Moreover, it was not placed there by the direc-

tion of the defendant, or even of the engineer in charge of the work, but by a fellow-servant of the plaintiff. So that, even admitting that the act was a negligent one, the city is not liable therefor. But it is evident that the placing of the board there, in the manner aforesaid, was not the proximate cause of the accident. The stopping by Ward to replace the board, which his wheelbarrow had slightly pushed aside, was the proximate cause of the accident. The direct result of his act in stopping was to cause those behind him to come in collision with each other, and thereby to throw the plaintiff from the "run." So that, even admitting that the placing of the loose board at the end of the "run" was a negligent act, and, still further, that the city was responsible for that act, yet here comes in an independent responsible third party and breaks the causal connection between the negligence and damage. *Mahogany* v. *Ward*, 16 R. I. 479. No harm would have resulted to the plaintiff if the board had been left out of place by Ward, and the work could have gone on without danger or even serious inconvenience if it had not been there at all. In any view of the facts in the case, therefore, it is clear that the city is not liable for the accident, and hence the nonsuit was rightly granted.

The petition for a new trial is denied, and the case is remitted to the Common Pleas Division with direction to enter judgment for the defendant for its costs.

*Hugh J. Carroll*, for plaintiff.

*Edwards & Angell, and Albert Gerald*, for defendant.