James Lee, Admr., vs. Reliance Mills Company.

PROVIDENCE—MAY 27, 1899.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

(1) *Pleading and Practice. Negligence.*

A declaration in an action on the case for negligence averred that the plaintiff's intestate was an employee of the defendants in their manufactory, and while engaged near a certain shafting or belt, which was not properly or safely guarded or protected, he was caught by said belt so that his left arm was drawn into the shafting while in operation, and he was hurled against the floor and fatally injured.

A second count averred that the plaintiff's intestate, while in the proper and usual discharge of his duties in operating a machine connected with shafting or belting, which was uncovered and unguarded, was caught by the shafting or belt while in operation and his left arm drawn into the shafting or belt and his body hurled against the machinery, whereby he was fatally injured.

On demurrer to the declaration, assigning for grounds of demurrer that, so far as appeared from the declaration, the plaintiff's intestate was fully informed as to his surroundings and the condition of the belting, and continued to work there without objection and assumed the risk of injury, and that the declaration did not set forth in what way or manner the plaintiff's intestate came into contact with the belt, nor what he was doing or attempting to do at the time of the accident :—

*Held,* that the first ground of demurrer was matter of defence, and not a matter to be set forth in a declaration.

*Held,* further, that the averments in the declaration were sufficiently precise and definite as to the manner in which the plaintiff's intestate came into contact with the belt, but that the first count was defective in that it did not state definitely what he was doing at the time of the accident, and the second count in that it failed to state definitely what was the usual and proper discharge of duty of the plaintiff's intestate in the running of the machine, and what machine it was.

(2) *Certainty in Pleading.*

The rules of pleading require reasonable certainty in the statement of essential facts, to the end that the adverse party may be informed of what he is called upon to meet at the trial, and to this end the allegations should be as precise and definite as the nature of the case will reasonably permit.

TRESPASS ON THE CASE for negligence.   Heard on demurrer to declaration.   Demurrer sustained.

PER CURIAM.   This is an action of trespass on the case for

alleged negligence of the defendant in failing to provide proper safeguards to protect its employees from injury by its shafting and belts used to operate its machines.

The defendant demurs to the declaration, assigning as grounds for demurrer : (1) That, so far as appears from the declaration, the plaintiff's intestate was fully informed as to his surroundings and the condition of the belting, and continued to work there without objection and assumed the risk of injury ; (2) That the declaration does not set forth in what way or manner the plaintiff's intestate came into contact with the belt, nor what he was doing or attempting to do at the time of the accident.

(1) We think that the first ground of demurrer is matter of defence, and not a matter to be set forth in the declaration.

We think that the averments of the first and second counts in the declaration, in substance that the plaintiff's intestate was caught by the belt or shafting, so that his left arm was drawn into said shafting or belt while the same were running, are sufficiently precise and definite as to the manner in which the plaintiff's intestate came into contact with the belt. We think, however, that the defendant is entitled to a more definite statement of the manner in which the plaintiff's intestate was engaged, *i. e.*, what he was doing at the time of the accident, than is contained in the first count. And we also think that the defendant is entitled to a more definite statement of what was the proper and usual discharge of duty of the plaintiff's intestate in the running of the machine, and what machine it was, than is contained in (2) the second count. The rules of pleading require reasonable certainty in the statement of essential facts, to the end that the adverse party may be informed of what he is called upon to meet at the trial, and to this end the allegations should be as precise and definite as the nature of the case will reasonably permit.

Demurrer sustained, and case remitted to the Common Pleas Division for further proceedings.

*John W. Hogan*, for plaintiff.

*Walter B. Vincent*, for defendant.