Merrimack, &#125;
Oct. 1, 1935. &#125;

RENE PROAL *v*. SAMUEL CAMAAN.

*Robert W. Upton* and *Laurence I. Duncan* (*Mr. Duncan* orally), for the plaintiff.

*Warren, Wilson, McLaughlin & Bingham* (*Mr. Bingham* orally), for the defendant.

MARBLE, J. The evidence warranted a finding that the stairs on which the plaintiff was injured were reasonably necessary for the convenient occupancy of the Camaan block and that the tenants used

them "for supplies or anything that would naturally come in and out of the back door." The plaintiff's employer ran a small restaurant. Just before the accident he had sent the plaintiff to purchase some supplies needed in the kitchen of the restaurant, and the plaintiff was returning by "the most direct route into the kitchen" when she fell. The defendant himself testified that he owned and maintained the stairs and passageway and that they afforded access to the several back doors of his block.

In view of these facts the contention that there is no evidence that the defendant retained control of the stairs and passageway for the common use of his tenants or invited the plaintiff, expressly or impliedly, to use them cannot be seriously entertained. The case in this respect falls definitely within the rule of *Rowe* v. *Company*, 86 N. H. 127, and the cases there cited.

The defendant's further contention that he intrusted to the real estate agency in charge of his property the making and superintending of all repairs is not fully sustained by the evidence. But even if it were, the defendant could not prevail. A landlord's duty to keep in safe condition those portions of the premises which he furnishes for the common use of his tenants and which he retains within his own control is a personal duty which he cannot delegate or avoid. *Horn* v. *Danziger*, 180 N. Y. Supp. 96, and cases there cited.

In *Hussey* v. *Railroad*, 100 N. J. Law 380, 384, it is said: "As the master cannot shift his responsibility for a duty owing to his employee, so the landlord cannot shift the responsibility assumed by him to his tenants to make the common ways and equipment reasonably safe in so far as ordinary care can effect that result." Cases on the subject are collected in 90 A. L. R. 50, 52, 53, and 36 C. J. 219, note 52. See also *Bixby* v. *Thurber*, 80 N. H. 411, 415; *Gobrecht* v. *Beckwith*, 82 N. H. 415, 420; *Hunkins* v. *Company*, 86 N. H. 356, 358.

Six months or a year before the accident, the plaintiff's employer discovered that the railing was insecure, but this knowledge, though acquired before the plaintiff began her employment, did not affect the plaintiff's right of action. Making use of the common stairway in the right of her employer, a tenant of the defendant, she was herself the defendant's invitee, to whom he owed the direct duty of maintaining the stairway in a reasonably safe condition. *Douglas* v. *Hollis*, 86 N. H. 578, 581, 582, and authorities cited. Nor would the result be otherwise if the defect in the railing had existed on the date of the lease. *Berthiaume* v. *Kessler*, 86 N. H. 305; *Douglas* v. *Hollis, supra.*

The motion for a directed verdict was properly denied.

*Judgment on the verdict.*

PAGE, J., did not sit: the others concurred.