IDA HERMAN AND SAMUEL HERMAN, HER HUSBAND, RESPONDENTS, v. HOME OWNERS' LOAN CORPORATION, APPELLANT.

Argued May 3, 1938—Decided July 8, 1938.

Before Justices Trenchard, Parker and Perskie.

For the appellant, *Julius Barr* (*James A. Lynch, Jr.,* on the brief).

For the respondents, *Philip J. Schotland.*

The opinion of the court was delivered by

Parker, J. The suit was for damages arising out of an accident to the female plaintiff as she was descending the cellar stairway of a house which had been acquired by defendant corporation through foreclosure of a mortgage held by it. The house was occupied by three tenants, each having exclusive occupancy of certain rooms, with common access to the cellar by the stairway in question, which, as the trial court sitting without jury could properly find, was under the control of the landlord. The conditions were therefore similar to those obtaining in a long line of cases of which *Siggins* v. *McGill,* 72 *N. J. L.* 263, is typical. According to the evidence, and apparently without dispute, the lowest step of the stairway, which was of wood, was broken and partly gone; and Mrs. Herman, going down into the cellar to attend to the furnace that heated the plaintiffs' rooms, tripped and fell, sustaining physical injury for which she obtained a judgment of $100, her husband recovering a judgment of $50 *per quod.* The defendant corporation appeals, and the principal ground urged for reversal is that the Home Owners' Loan Corporation is immune to such an action as this because it is an arm of the national government exercising a governmental function. The point was made after special appearance on a motion to dismiss the action, and also by motion to

nonsuit when plaintiffs rested, and for a ruling tantamount to direction of verdict for defendant, at the conclusion of the evidence. Other grounds of appeal will be considered presently.

It may well be conceded that the Home Owners' Loan Corporation is a federal agency. Whether it is performing a governmental function may not be so clear, but assuming this for present purposes, the question whether it is liable to suit in such a case as the present one, is said by the Supreme Court of the United States to be a question of the congressional intent. *Federal Land Bank* v. *Priddy*, 295 *U. S.* 229, 231. In ascertaining this intent, an important consideration is whether the purpose of the corporation partakes of the nature of a private business, and particularly whether the element of profit inheres in the general scheme. The cases in this state of *Olesiewicz* v. *Camden*, 100 *N. J. L.* 336; *Zboyan* v. *Newark*, 104 *Id.* 258, and *Marlin* v. *Asbury Park*, 111 *Id.* 364, are illustrative of this thought.

Turning to the statute under which the corporation is organized (48 *Stat.* 128) we find that while it is called "an instrumentality of the United States," its principal purposes are in large measure identical with those of a private business. While all its stock is to be held by the United States, it issues bonds bearing interest, offered to the public as an investment, and guaranteed by the United States "as to interest only;" its real property is expressly subject to taxation; it invests in home mortgages and other liens secured by real estate. The bonds and stock are to be retired as soon as practicable. When the purposes of the corporation have been accomplished, any surplus or accumulated funds are to be paid into the national treasury. Such dividends on stock as may be earned, and as in the judgment of the board it is proper for the corporation to pay, are to be declared, and paid to the United States.

So what we have in this case appears to be simply a mortgage loan corporation, organized to lend out money on mortgage, collect interest thereon, enforce payment of interest by

foreclosure and perhaps deficiency suit, sell or rent properties acquired by foreclosure, obtaining its capital by issuing to the public its own bonds on which it pays interest, and to the United States its stock on which it pays dividends when earned, like any private corporation. The power "to sue and be sued" is alone not determinative of civil liability for torts, which is this case; but taken in connection with other features adverted to above, is persuasive that this corporation was intended by Congress to be accountable for such liability as would attach to a private mortgage loan corporation managing real estate acquired by foreclosure of a mortgage to it. As yet there does not appear to be any decision of the federal Supreme Court directly on the point, but the case of *Pennell* v. *H. O. L. C.,* 21 *Fed. Supp.* 497, in the United States District Court (Maine) appears to be on all fours with the case at bar. We conclude therefore on this branch of the case that civil liability for negligence existed, and that the motions looking to a dismissal of the action on the grounds above stated were rightly denied.

The other points made for reversal require little discussion. Point II is that there was no privity between the female plaintiff and the corporation landlord, as the tenant was her husband. But the case does not rest on privity; the cellar steps were not included in the demise, but as the trial court was entitled to find and evidently did find, were retained under the control and management of the landlord subject to the privilege of user by the several tenants and members of their household required to visit the cellar to attend to the furnaces. To all such the landlord owed the duty of care.

It is said that Mrs. Herman, being aware of the defective condition of the step, was guilty of contributory negligence. But this was clearly a question of fact. So also with regard to the claim of assumption of risk. It was necessary to go into the cellar; and there was evidence that no other way was available. There was evidence that complaint had been made several times to rent collectors and inspecting agents of defendant corporation. The trial court was entitled to

find that knowing of the defect she made reasonable but unsuccessful effort to avoid it. She testified on cross-examination: "*Q.* I see. You knew it was broken? *A.* I used to be careful. *Q.* And were you careful this time, too? *A.* I couldn't help it. *Q.* Were you careful in going down? *A.* I was careful, but there was nothing to hold. I went down, and I fell down on the step. *Q.* Why did you go down and use the stairs when you knew the step was broken? *A.* I couldn't help it." It was said in *Solomon* v. *Finer,* 115 *N. J. L.* 404 (at *p.* 407), "if the evidence will sustain the inference that the person confronted with the danger exercised care commensurate with the risk—such as was reasonably calculated to avoid it—it is for the trier of the facts to· determine whether such inference ought to be drawn," and this view is supported by our cases of *Rush* v. *Com. Realty Co.,* 7 *Misc.* 337; *Bailey* v. *Fortugno,* 8 *Id.* 739, and *Peterson* v. *Zaremba,* 110 *N. J. L.* 529. We consider that there was a proper case for the trier of fact.

Finally, the minor point that the claim of the husband should have been overruled because he did not appear and testify. At the common law he would have been incompetent as a witness in his own behalf. But practically, the wife testified that she used his money to pay doctors fees of $17 and outside help $24. The judgment in his favor was $50 as already noted; and the amount is not in question.

We find no error, and the judgment is accordingly affirmed.