LEONARD ROSENTHAL, *p.a. vs.* UNITED ELECTRIC RAILWAYS
COMPANY.

LOUIS ROSENTHAL *vs.* SAME.

AUGUST 9, 1951.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

O'CONNELL, J. These two actions of trespass on the case for negligence were tried together before a justice of the superior court sitting with a jury and resulted in verdicts for the plaintiffs. Thereafter the defendant duly prosecuted its bills of exceptions to this court where it has briefed and argued only an exception to the refusal of the trial justice to direct a verdict in its favor in each case. All other exceptions therefore are deemed to be waived. Since liability in both cases is dependent upon our decision in the case of Leonard Rosenthal, the minor plaintiff, we shall discuss only his case but our decision will apply with equal force to both cases.

A careful reading of the transcript discloses that there is little dispute as to the facts. It appears therefrom that on February 9, 1948 about 3:15 p.m. defendant's driver was operating a motor bus owned by the defendant company in a westerly direction on Winter street, near its intersection with Summer street in the city of Woonsocket. The latter street runs generally from north to south, Winter street from east to west, and both are public highways in said city. When the bus reached the intersection of Winter and Summer streets, there was too much snow to discharge passengers at the bus stop, so the driver proceeded a few feet beyond this stop with the front end of the bus about half way into Summer street.

After he had discharged his passengers he saw some young boys playing in the roadway of Winter street near the northwesterly corner of the intersection and others on a snowbank at said corner. The driver testified that he *got off the bus* and told the children to go up on the snowbank and they did as he directed. The street was very narrow at the intersection because of the snow piled up on the sides, and at the time another vehicle was approaching from the east. The bus driver testified that "it was a tight squeeze" to get both vehicles through but he nevertheless started the bus at slow speed and again looked for

the children. As he saw some of them still playing on the bank, *coming toward the edge* and going back, he blew his horn several times to warn them. When the bus had gotten half way by, he could no longer see the children on the bank because the bus was high and he had no rear mirror. While the bus was thus passing the bank plaintiff slipped or fell therefrom and came in contact with some part of the rear of the moving bus, receiving severe and permanent injuries.

The driver further testified that the snowbanks were four to four and one-half feet high and that the only way the children could go home was by walking in the street, "or if they didn't want to walk in the street, they had to walk up on the banks or somewhere." He did not know that the accident had occurred until he had gone around the block on his regular route and had returned to the intersection.

The plaintiff, who was about five and one-half years of age at the time of the accident and eight years old when the case was tried, testified that he was coming home from school and when he arrived at the bus stop the driver called out: "Hey, you kids! · Get up on the bank." He followed this direction. He also testified that he was walking and not playing on the bank, and that he did not know how he happened to slide or fall from the bank into the side of the bus.

Three photographs presented as exhibits by the plaintiff show that the snowbank was high, rough and uneven in contour. Robert L. Mellor, who was following the bus in his own automobile, testified that the road was slippery and icy at the intersection with a great deal of snow on the ground. When the bus started forward and while his automobile was stopped he saw one of the children on the snowbank lose his balance and then disappear from view. After the bus had passed, he picked up the plaintiff and took him to a hospital. He testified further that due to

the conditions existing that.day the traveled portion of the road had narrowed considerably; that at the base of the snowbank there was a ledge of ice and snow which was approximately four feet wide and extended out into the roadway; and that this ledge sloped upward from a rut in the highway for about six or seven inches to the bottom of the snowbank.

Defendant contends that on the evidence presented the driver of the bus was not negligent as a matter of law and that verdicts should therefore have been directed in its favor. The plaintiff contends that the driver was negligent in operating the bus so close to the snowbank on which he knew that children of tender years were playing, walking or standing, and further that he was negligent in placing the plaintiff in a perilous position on a high, uneven and slippery snowbank so close to his path of travel. These grounds of negligence are clearly set forth and alleged in the four counts of plaintiff's declaration.

From a careful examination of the transcript we cannot say as a matter of law that defendant's driver was not negligent. While it is true that defendant cannot be held to the obligation of acting as the protector of plaintiff or any other child, yet when it does undertake to so act it is bound to exercise reasonable care for the safety of such person, which obligation is to be measured by the care that an ordinarily prudent person would exercise in the same or similar situation. Whether due care was exercised is to be determined upon all the evidence in the light of the age of the child and the danger to be reasonably observed, apprehended or anticipated.

Since the sidewalks were covered with snow and impassable, the plaintiff here was walking on the highway, as he had a right and as he was obliged to do under the then existing conditions. When he reached a point at the intersection in front of the stopped bus he was not in a position of danger but in one of comparative safety, unless

the driver of the bus should proceed negligently and run him down. In this situation the bus driver chose to direct the plaintiff, then a mere child, and to control his actions. It is pertinent to note from the driver's own testimony that he *got off* the bus and directed plaintiff and the other children to go up on the snowbank. Its uneven, slippery surface and its height from and proximity to the roadway was readily observable to and was known by him. He undertook to perform a service which he was under no obligation to perform. However, having undertaken such service it became his duty to act with due care, so as not to leave plaintiff in a position of peril.

Whether the driver's conduct in the premises, including his act in directing plaintiff to go up on the snowbank, was conduct ordinarily to be expected of a reasonably prudent person in similar circumstances, and whether such act and conduct constituted the proximate cause of plaintiff's injuries are in our opinion material matters for the determination of the jury under proper instructions from the court. On defendant's sole exception to the refusal of the trial justice to direct a verdict we are not called upon to weigh the evidence but merely to determine whether there was any evidence, either direct or by reasonable inference, upon which the case should have been submitted to the jury in the first instance. It was therefore for the jury to decide whether on all the facts in evidence defendant's driver was negligent in the performance of such duty.

We find nothing in the record to indicate that plaintiff was guilty of contributory negligence as a matter of law. He was required to exercise only ordinary care in the instant case. It is too well settled to need citations that ordinary care as applied to children of such tender years is only that degree of care which children of the same age, education and experience would be expected to exercise in similar circumstances. Whether plaintiff exercised such care as re-

quired by law was also a question of fact which was properly submitted to the jury.

From a careful examination of the transcript we are of the opinion that there was competent evidence to submit the issues of defendant's negligence and plaintiff's contributory negligence to the jury.

All of the defendant's exceptions in each case are overruled, and each case is remitted to the superior court for entry of judgment on the verdict.

### ON MOTION FOR REARGUMENT.
#### OCTOBER 26, 1951.

PER CURIAM. After our opinion in the above cases was filed, the defendant by leave of court filed a motion for reargument.

Having in mind that the defendant's exception under consideration was to the denial of its motion to direct a verdict, we have carefully re-examined the transcript with special reference to the reasons for reargument appearing in the instant motion. In our judgment they present no matter which was not fully considered and passed upon in reaching the conclusion stated in our opinion.

Motion denied.

*Edward F. Dwyer,* for plaintiffs.

*Earl A. Sweeney, Frank J. McGee,* for defendant.