*William R. Goldberg,* for plaintiffs.

*James E. Flannery,* for defendant.

GEORGE E. VANDAL *vs.* THE CONRAD MANUFACTURING COMPANY.

LEO VANDAL *vs.* THE CONRAD MANUFACTURING COMPANY.

FEBRUARY 19, 1958.

PRESENT: Condon, C. J., Roberts, Andrews and Paolino, JJ.

ROBERTS, J. These two actions of trespass on the case for negligence are before this court on the exception of each plaintiff to a ruling by a justice of the superior court in which he sustained the defendant's demurrer to the second amended declaration in each case.

In each case the plaintiff is seeking to recover for injuries which he alleges he suffered on March 13, 1951 while riding in an elevator in a building in the city of Pawtucket owned by the defendant corporation. Each plaintiff was employed by the Vandal Roofing Company, which had been engaged to make repairs in the elevator shaft in said building.

Each declaration is in three counts and was demurred to on the grounds that each count therein is vague, ambiguous, argumentative, and duplicitous; that insufficient facts are set forth to give rise to the duty alleged or to show a breach of that duty; and that no cause of action is stated. The grounds upon which the trial justice sustained each demurrer was "that the facts do not indicate with any clarity the duty owed the plaintiff, and the particular breach of that duty." To this ruling each plaintiff has taken exception.

In the first count of each declaration the plaintiff alleges that he was in a building owned by defendant, at defendant's request, performing certain carpentry work in an elevator shaft in the building and that at such time he was an employee of Gaston Vandal, a roofing contractor. Each plaintiff further alleges that the building and the elevator shaft were under defendant's control while he was working in it; that defendant supervised his work in the shaft; and that it became the duty of defendant to furnish him with a reasonably safe place to work.

The effect of plaintiffs' allegations is that defendant, by retaining control over the premises wherein the elevator

shaft was located and by supervising their work in the shaft, made them its employees and that the duty of providing a safe place to work arises out of that relationship. We do not perceive this to be the law in this state at least. It is our opinion that the contractee does not make the employees of a contractor his employees by the mere act of retaining control over the premises wherein work is to be performed or by an assumption of some degree of supervision over that work. Whether the contractee has made the employees of the contractor his own depends, in the absence of testimony as to the exact nature of the control exercised by the contractee over the contractor's servant, upon the terms of the contract that exists between the contractor and the contractee. *Higham* v. *T. W. Waterman Co.*, 32 R. I. 578, 581. An examination of the first count in each declaration reveals that there are no averments which set forth either the nature of the control exercised by the contractee over the employees of the contractor or the pertinent terms of the contract between the defendant corporation and the subcontractor. In such circumstances the trial justice properly sustained the demurrer to this count.

The second and third counts in each declaration are substantially similar in content. In each it is alleged that defendant had retained control of the elevator shaft in its building wherein each plaintiff was employed; that the defendant corporation either knew or should have known that certain safety devices had been removed from the elevator in said shaft by a third person; that it was then and there defendant's duty to each plaintiff "to warn him of any hidden dangers in the premises of the defendant corporation or in the elevator shaft"; and that defendant in each case "negligently and carelessly failed to warn the said plaintiff that the safety devices had been removed from the said elevator in said elevator shaft and that it was dangerous to use said elevator."

We think that in these allegations each plaintiff has stated a duty incumbent upon defendant to warn him of hidden dangers in the premises over which it had retained control and has stated a breach of that duty. Where there is a hidden danger in the premises where work is to be done by an independent contractor of which the owner or occupant has knowledge or by the use of due care would have knowledge and of which the servants of the contractor have no knowledge, the owner or occupier is under a duty to the servants of the contractor to warn them of the hidden danger in the premises over which he has retained control. In other words, liability for injury to the servants of an independent contractor rests upon the owner of the premises in which the work is to be performed when those premises remain under his control and the injuries arise out of an abnormally dangerous condition in the premises, the owner being chargeable with notice of that danger. *Le Vonas* v. *Acme Paper Board Co.*, 184 Md. 16.

It seems to us that had plaintiffs gone no further than above stated in making allegations in their second and third counts in each declaration such counts would have been beyond demurrer. However, an examination of each of those counts reveals that plaintiffs did proceed with other allegations, in particular the allegations as to the defective condition of the cables upon which the elevators were hung in the shafts, the breaking of which cables is alleged to have been the cause of their injuries. We are convinced that in making such additional allegations plaintiffs imported ambiguity or uncertainty into the counts under consideration to such an extent as to make it unreasonably difficult for defendant to ascertain the ground upon which its liability is claimed to rest. "The rules of pleading require reasonable certainty in the statement of essential facts, to the end that the adverse party may be informed of what he is called upon to meet at the trial, and to this end the allegations should be as precise and definite as the nature of the case

will reasonably permit." *Lee* v. *Reliance Mills Co.,* 21 R. I. 322, 323. We think that the allegations in the instant declarations violate this principle and that the demurrers were properly sustained to the second and third counts.

The plaintiff's exception in each case is overruled, and each case is remitted to the superior court for further proceedings.

*William R. Goldberg,* for plaintiffs.

*William A. Gunning,* for defendant.