JOSEPH J. REEK, JR. *vs.* JOHN LUTZ *et ux.*
JOSEPH J. REEK, III, *p.a. vs.* JOHN LUTZ *et ux.*

FEBRUARY 23, 1960.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

342

ROBERTS, J. These two actions of trespass on the case for negligence are before this court on the exception of each plaintiff to the ruling of the trial justice sustaining the defendants' demurrer to all three counts of the declaration in each case.

One of the plaintiffs is a minor child who, suing through his father and next friend, seeks to recover for injuries which he alleges he sustained when his clothing was ignited by a fire burning in a yard area connected with premises owned by defendants. The child's father, plaintiff in the other case, seeks to recover consequential damages. Because the liability of defendants to the plaintiff father is dependent upon the establishment of liability in the case of the child, unless otherwise stated we shall hereinafter discuss the issues as though but one declaration, that of the child, was before us.

The declaration contains three counts, in each of which it is alleged that defendants owned a certain building containing several tenements used for dwelling purposes. One of these was rented to the plaintiff father and occupied by him and his family, including the plaintiff child. It is further alleged that certain passageways and a yard area connected with defendants' premises were used in common by all the tenants thereof, and that defendants ignited a fire in the yard which ultimately caused the plaintiff child to be injured.

The trial justice sustained the demurrer on the grounds that defendants did not owe plaintiff the duties stated in the counts, that the counts were vague and uncertain, and that plaintiff's allegations did not set out a causal connection between his injuries and defendants' ignition of the fire.

344

We will first consider whether plaintiff alleged a legal duty owed him by defendants. The rule concerning a landowner's liability in these cases is well settled. Whenever a possessor of property rents portions of that property to various tenants but retains control over the portions thereof which are used in common by all the tenants, he has the duty to keep such portions in a reasonably safe condition. *Lawton* v. *Vadenais*, 84 R. I. 116, 121; *Allen* v. *William H. Hall Free Library*, 68 R. I. 80; *Leonick* v. *Manville Jenckes Corp.*, 60 R. I. 247. The question here is whether plaintiff has stated a duty owed him by these defendants which was within the scope of the rule above stated.

In his first count plaintiff alleges that it was defendants' duty "to warn those persons who were lawfully upon the premises of conditions created by the said defendants which rendered the premises unsafe for the use intended." This language, in our opinion, clearly enlarges the scope of the duty imposed upon the landlord by the rule above set out. In this case there is no allegation of a hidden or unknown dangerous condition, but on the contrary the allegation is that there was an open fire burning in the yard connected with the premises. This alleges a condition in which the danger was obvious, and plaintiff does not seriously dispute that the law does not impose a duty upon landlords, in ordinary circumstances at least, to warn their adult tenants of a condition in the portion of the premises used in common by them which is obviously dangerous. See *Lawton* v. *Vadenais, supra,*

However, plaintiff argues that a landlord owes such duty to a child of the tenant. In our judgment that fact standing alone does not impose a duty upon the landlord to warn the child of the peril involved in a condition of obvious danger. The plaintiff directs our attention to *Lombardi* v. *Wallad*, 98 Conn. 510, contending that therein the Connecticut court held that a landlord is required to warn children of an obvious danger. We have examined that case and

find therein nothing to support plaintiff's contention. On the contrary the court stated at page 516 that the defendant's negligence "if any, originated and consisted in leaving the fire unguarded and without any precaution."

The primary duty to exercise reasonable care for the safety of a child rests upon the parent or him who stands in loco parentis. See *Milliken* v. *Weybosset Pure Food Market,* 71 R. I. 312, 317. Inherent therein is the obligation to warn the child of the peril involved in an obviously dangerous condition. The existence of the landlord and tenant relationship does not serve to transfer this obligation to the landlord in the absence of some unusual circumstance. See *Davis* v. *Joslin Mfg. Co.,* 29 R. I. 101, 110. The demurrer to the first count of the declaration was properly sustained.

In the second count plaintiff states that it was defendants' duty "to reasonably confine said fire" and in the third count that it was their duty "to be in attendance thereon or to have some person or persons in attendance while said fire burned." We are of the opinion that the duty of the landlord, who retains control of the common portions of his premises, to keep those portions reasonably safe for the use intended includes, in cases involving the ignition of an open fire, the duty to reasonably confine the fire and to attend it while it is burning. In our judgment plaintiff in his second and third counts has stated a legal duty which is owed him by defendants.

The defendants urge that they were under no duty to exercise reasonable care to avoid injury to the minor plaintiff because under the allegations set out in each count he was on defendants' premises as a bare licensee to whom they owed no duty other than to avoid injury to him by willful or wanton conduct. In support of this contention they refer to the allegation that in consideration of the rental of one of defendants' tenements by the plaintiff father "the plaintiff and his family were permitted the use of the com-

mon passageways and accesses, and the use of the yard area." This, defendants argue, is an allegation of permission or mere acquiescence in the presence of the minor plaintiff on their land which does not give rise to any duty to exercise due care to avoid injury to him.

The plaintiff argues that he was in the yard area by reason of an invitation, either express or implied, resulting from the relationship of landlord and tenant that existed between the father and defendants. Some authorities hold that the right of a tenant or his invitees to be on portions of premises used in common by all tenants rests on the law of invitation and not on that of landlord and tenant. *Herman* v. *Home Owners' Loan Corp.*, 120 N.J.L. 437; and see *Carlson* v. *Associated Realty Corp.*, 114 Conn. 699; *Proal* v. *Camaan*, 87 N. H. 389.

In *Branigan* v. *Lederer Realty Corp.*, R. I., 101 Atl. 122, this court considered the right of a plaintiff to be on a roof of premises used in common by several tenants. The court stated: "* * * and it is not material whether the plaintiff was on the roof by the invitation, express or implied, of the defendant, or even if she were a mere licensee. She was lawfully on the roof * * *." In our opinion, the right to use the common portions of the premises by the tenant, his family, or his invitees is an incident of the tenancy created by the contract of letting between the landlord and the tenant. The well-pleaded facts sufficiently allege the existence of the relationship, and consequently the word "permitted" was unnecessary to the pleading and may be disregarded as mere surplusage. *DePaola* v. *National Ins. Co.*, 38 R. I. 126.

In sustaining the demurrer, the trial justice also said that a fact is alleged "which breaks the causation between the act of the defendant and the injuries to the boy himself." Apparently because of the allegation that the plaintiff child had been injured when he approached the fire in an attempt "to retrieve a toy which had been thrown in close proximity

to the fire by another child of tender years," he concluded that the doctrine of intervening cause should be applied here as a matter of law.

The rule that the negligent act of a defendant may, by reason of the intervening negligence of a third person, be rendered remote and relieve the defendant from liability has long been recognized in this state. *Mahogany* v. *Ward,* 16 R. I. 479; *McGough* v. *Bates,* 21 R. I. 213. In *Floyd* v. *Turgeon,* 68 R. I. 218, this court stated the rule succinctly when it said at page 225, "Where the negligence of a responsible third party intervenes between the original negligence of the defendant and the plaintiff's injury, the causal connection between the latter two may be broken and such act of the third party may be the proximate cause of the injury."

But we also recognize that there may be concurring proximate causes which contribute to a plaintiff's injury and that a defendant's negligence is not always rendered remote in the causal sense merely because a second cause intervenes. *Gillogly* v. *New England Transportation Co.,* 73 R. I. 456. To make the rule applicable in a given case the supervening act must be the act of a responsible third person. *Floyd* v. *Turgeon, supra.* We are of the opinion that the trial justice in the instant case erred in concluding that an allegation of an intervening act on the part of a "child of tender years" will, as a matter of law, be held to allege an intervening cause within the rule so as to relieve a defendant of liability for his original act of negligence. In our judgment such an allegation presents a jury question and cannot be held as a matter of law to be the intervening act of a responsible third party. *Sroka* v. *Halliday,* 41 R. I. 322.

The plaintiff further argues that the trial justice erred in sustaining the demurrer on the ground that the child was contributorily negligent as a matter of law. In so contending he points to the language in his decision that the "fire didn't come to the child, the child went to the fire." We

348

do not perceive that this constituted a finding that the child was contributorily negligent as a matter of law. He was undoubtedly aware of the child's tender age and of his right to be where he was, and we must assume he was equally aware that in this state contributory negligence is usually a question of fact and rarely a question of law. *Floyd* v. *Turgeon, supra.*

In *Rosenthal* v. *United Electric Rys.,* 79 R. I. 11, at page 15, this court stated, "It is too well settled to need citations that ordinary care as applied to children of such tender years is only that degree of care which children of the same age, education and experience would be expected to exercise in similar circumstances. Whether plaintiff exercised such care as required by law was also a question of fact which was properly submitted to the jury." Here it is alleged that the child was playing in a yard area where he had a right to be and that he approached the fire to retrieve a toy which had been thrown near it by another child. Whether such conduct on the part of the plaintiff child in the circumstances constituted negligence is, in our opinion, clearly a fact question for the jury, and it was error to find that it constituted contributory negligence as a matter of law, if indeed the trial justice so intended.

There remains the question whether the trial justice properly sustained the demurrer on the ground of vagueness. Referring to the first count he said, "Furthermore, the count is too vague. The area of the premises is not described. In a country place, for all we can tell, this fire may be half a mile, quarter of a mile, from the house." Again, referring to the third count, he said, "If the plaintiff here desires to set out a good count, he ought to allege where the fire was with relation to the house * * *."

The defendants contend that plaintiff had failed to allege that the fire was on a portion of defendants' premises where plaintiff had a right to be without an invitation. When the language of the trial justice is read in that light, it appears

that the vagueness contemplated by him was the uncertainty as to whether defendants were being called upon to defend against an action by one who was on their property in the status of a trespasser or licensee or one who was there as a matter of right. We perceive no such infirmity in the declaration.

In the case of *Vandal* v. *Conrad Mfg. Co.*, 87 R. I. 112, 138 A.2d 816, citing *Lee* v. *Reliance Mills Co.*, 21 R. I. 322, we stated, "The rules of pleading require reasonable certainty in the statement of essential fact, to the end that the adverse party may be informed of what he is called upon to meet at the trial, and to this end the allegations should be as precise and definite as the nature of the case will reasonably permit." In our opinion plaintiff has satisfied the above requirement of certainty. The test is whether the pleading is reasonably certain and, in the absence of extraordinary circumstance, the pleading of evidentiary matter is not required.

The plaintiff has alleged the existence of the landlord and tenant relationship, the use in common by all the tenants of the yard area, and the existence of the fire ignited by the defendants in the yard. These facts, being well pleaded, are admitted by the demurrer. *Richard* v. *Industrial Trust Co.*, 85 R. I. 292, 130 A.2d 549. In our opinion, on such allegations there can be no reasonable uncertainty on the part of the defendants that the plaintiff was alleging that his status was that of one lawfully on the premises by reason of the existence of the landlord and tenant relationship. *Branigan* v. *Lederer Realty Co.*, *supra*. The trial justice erred in sustaining the demurrer on the ground of vagueness.

In each case the plaintiff's exception to the decision sustaining the demurrer to the first count is overruled, his exception to the decision sustaining the demurrer to the second and third counts is sustained, and the case is remitted to the superior court for further proceedings.

· CONDON, C. J. I concur in the decision overruling the exception to the sustaining of the demurrer to the first count. I dissent to the remainder of the decision for the reason that in my opinion the second and third counts of the declarations are vague and uncertain and fail to apprise the defendants of what they will be called upon to meet at the trial. In other words I do not agree with the majority that these counts are drawn with the preciseness and definiteness which the nature of the case reasonably permits, and therefore they do not meet the requirements of the rule of pleading as declared in *Lee* v. *Reliance Mills Co.,* 21 R. I. 322.

*William R. Goldberg, Ronald R. Gagnon,* for plaintiffs.

*Robert R. Afflick, Francis I. McCanna,* for defendants.