268 A.2d 274.

MICHAEL MURNIGHAM, *p.a., et al. vs.* DOROTHY M. DARK.

JULY 28, 1970.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

POWERS, J. This is a civil action for negligence brought on behalf of a minor by his father as next friend for personal injury and by the father for consequential damages. The case was tried to a Superior Court justice and a jury which returned a verdict for the defendant. It is before us on the plaintiffs' appeal from the judgment accordingly entered.

In support of their appeal, plaintiffs advance three assignments of error. These are that the trial justice erred in denying their motion for a new trial, in refusing to instruct the jury as requested, and that plaintiffs were denied a full, fair and impartial trial.

An involved recitation and discussion of the incident

for which plaintiffs commenced their action is not required. Suffice it to note that on October 19, 1965, defendant was operating her motor vehicle at approximately 10 miles per hour on a public highway in the town of Cumberland when, as she reached a truck which was parked heading into a driveway at the edge of the road to her right, the six and one-half year old plaintiff darted from behind the truck and was struck by defendant's car. The child, who lived across the street on which defendant was travelling, apparently ran out from behind the parked truck in response to a call from his father who was standing on the porch of the plaintiffs' home.

It is the minor plaintiff's testimony that before running into the highway he saw defendant's car approaching the truck, while defendant testified that she applied her brakes when she first saw the boy as he came out from behind the parked truck. It is the essence of the father plaintiff's testimony that he first observed defendant's car when it was five feet from the point of impact; that he heard defendant's brakes immediately before observing the car, but that he was unable to say whether defendant's rate of speed was five or fifteen miles per hour. He did testify, however, that he measured defendant's skid marks which approximated ten feet.

The plaintiffs' first assignment of error to be considered by us is that they were denied a full, fair and impartial trial. Their contention in this regard is based on three alleged grievances. These are, first, comments made by the trial justice in the presence of the jury which plaintiffs argue were hostile and prejudiced the jury against them; secondly, that comments made by the trial justice to the jury in explanation of the hearsay evidence rule were likewise prejudicial, and lastly, that the trial justice abused his discretion in permitting defendant's counsel to

solicit information from her regarding civic-minded activities.

These first two grievances afford plaintiffs no basis for review on appeal. No objection was taken to any ruling made by the trial justice with regard to the comments about which plaintiffs now complain, and it is only to rulings brought on the record with which this court is concerned on appeal. In controvention thereof, plaintiffs refer our attention to *Roy* v. *United Elec. Rys.,* 52 R. I. 173, 159 A. 637, wherein this court held that the prejudicial remarks of the trial justice denied defendant a full, fair and impartial trial. A reading of this case and others discloses that defendant took an exception to the trial justice's comments, and it was on review of those exceptions that this court sustained defendant's claim of having been denied a trial that was full, fair and impartial.

While Rule 46 of Super. R. Civ. P. has abolished the requirement of taking exceptions, this change in practice has not obviated the necessity of registering an objection at trial that, which on appellate review, will be challenged as reversible error. *De Spirito* v. *Bristol County Water Co..* 102 R. I. 50, 227 A.2d 782.

The plaintiffs' third grievance, however, does rest on a ruling by the trial justice to which objection was taken. After defendant, over objection, had been permitted to testify as to her teaching of Sunday school and being affiliated with scouting, plaintiffs' counsel moved that the testimony be stricken and this motion was denied. It is plaintiffs' contention with regard to this testimony that it was an appeal to the jury's sympathy. An examination of the transcript, however, reveals that this testimony was brought out in supplementation and explanation of testimony solicited by plaintiffs' counsel. Under such circumstances it cannot be said that permitting the line of questioning to which objection was taken was such an abuse

of the trial justice's discretion as to deny plaintiffs a fair and impartial trial. See *Major* v. *Grieg*, 102 R. I. 379, 230 A.2d 846.

The plaintiffs' second assignment of error to be considered by us is that the trial justice erred in refusing to charge the jury that a child under the age of seven was incapable of contributory negligence as a matter of law. In this connection, plaintiffs refer our attention to *Kuhns* v. *Brugger*, 390 Pa. 331, 135 A.2d 395, annotated in 42 Am. Jur.2d *Infants* §142 at 137, n.6.

However, in *Rosenthal* v. *United Electric Rys.*, 79 R. I. 11, 82 A.2d 830, this court considered the question of contributory negligence as related to the conduct of a five and one-half year old child. We there stated that ordinary care as applied to children of such tender years is only that degree of care which children of the same age, education and experience would be expected to exercise in similar circumstances, and held that whether the minor plaintiff exercised due care conformable to the standard in such cases was a question of fact for the jury. See also *Reek* v. *Lutz*, 90 R. I. 340, 158 A.2d 145, where this court inferentially reaffirmed the rule enunciated in Rosenthal. We hold, therefore, that in the instant case the trial justice correctly denied plaintiffs' requested instruction.

This brings us then to a consideration of plaintiffs' final assignment of error, namely that the trial justice erred in denying their motion for a new trial. They predicate this on a contention that, in passing on their motion, the trial justice failed to exercise his independent judgment in passing on the credibility of the witnesses and weighing the evidence as he viewed it. That such is the trial justice's duty is so well established as to require no citation of authority. Further, if having done that which is required of him, the trial justice finds the evidence to be so nearly balanced that reasonable minds might differ, he may not

462

disturb the jury's verdict. *Barbato* v. *Epstein*, 97 R. I. 191, 196 A.2d 836. If, however, the trial justice fails to carry out his duty, his decision carries no weight with this court, and in such circumstance, we examine the record for ourselves. Such examination, however, will result in disturbing the jury's verdict only if we find that the evidence strongly preponderates against the verdict. *Goodman* v. *Employers' Liability Assurance Corp.*, 107 R. I. 451, 268 A.2d 285.

The plaintiffs argue that this appellate review is appropriate here for the reason, they say, that the trial justice simply approved the jury's verdict and did not independently pass on the credibility of the witnesses and the weight of the evidence. We cannot agree. In passing on plaintiffs' motion, the trial justice rendered a discursive decision wherein, from our examination of the transcript, he touched all the bases and found that the credible evidence, as he viewed it, was such that reasonable men might come to different conclusions. So doing, he repeatedly referred to the applicable principles painstakingly stated by this court in *Barbato* v. *Epstein, supra,* and scrupulously adhered to them. The plaintiffs' contention to the contrary is without merit. What they actually argue is that the trial justice failed to assess credibility and weigh the evidence as they believe he should have done.

The plaintiffs' appeal is denied and dismissed and the judgment appealed from is affirmed.

*Joseph E. Marran, Jr.,* for plaintiffs.

*Joseph V. Cavanagh,* for defendant.